**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 14 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHELE RONK, | No. 24-145 |
| Plaintiff - Appellant, | D.C. No. 2:20-cv-09843-FLA-AS |
| v. | MEMORANDUM* |
| KATHERYN ELIZABETH HUDSON, p/k/a Katy Perry; BRITTANY HAZZARD, p/k/a Starrah; FERRAS ALQAISI; OLIVER GOLDSTEIN, p/k/a Oligee; JOSH ABRAHAM; ROBERT MANDELL, p/k/a G Koop; CAPITOL RECORDS, LLC; UNIVERSAL MUSIC GROUP, N.V., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted February 12, 2025**
Pasadena, California

Before: GRABER, HAMILTON***, and BUMATAY, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

Plaintiff Michele Ronk appeals the district court's dismissal of her claims for copyright infringement against Kathryn Elizabeth Hudson ("Katy Perry") and the other named Defendants. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review de novo a district court's decision dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Terpin v. AT & T Mobility LLC*, 118 F.4th 1102, 1110 (9th Cir. 2024). In so doing, we accept Ronk's allegations as true and construe them in her favor. *See id.*

1. A plaintiff may prove copyright infringement with circumstantial evidence of both the defendant's access to the plaintiff's work and substantial similarity to protected features of the plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000), *overruled on other grounds by Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) (en banc). To show that Defendants had "access" to her work, Ronk had to "show a reasonable possibility, not merely a bare possibility, that an alleged infringer had the chance to view the protected work." *Art Attacks Ink, LLC v. MGA Ent. Inc*, 581 F.3d 1138, 1143 (9th Cir. 2009). Ronk challenges only the district court's rejection of her theory that Defendants had "access" to her song *Upgraded 2.0* through an alleged conspiracy between them and Facebook to use artificial intelligence to view material posted to her private Facebook page. We agree with the district court that Ronk's allegations are speculative and conclusory.

As the district court explained, this theory "is speculative, conclusory, and thus insufficient to plausibly plead access" because Ronk failed "to allege facts showing each link in the chain of events leading to" Defendants' alleged access. And "[a]ccess may not be inferred through mere speculation or conjecture." *Three Boys Music Corp.*, 212 F.3d at 482. Perhaps recognizing the weakness of her complaint, Ronk introduces unpleaded facts of advances in artificial intelligence and data-scraping to support her theory of "access." But this new theory suffers from the same defects as her initial one—it is grossly speculative. So Ronk's allegations, even with her new facts, fall short of the "access" standard. *See Art Attacks, LLC*, 581 F.3d at 1143; *Three Boys Music Corp.*, 212 F.3d at 482.

2. Because it is clear that Ronk's "complaint could not be saved by any amendment," the district court did not abuse its discretion by dismissing her complaint without leave to amend. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008).

**AFFIRMED.**